Nicholsoíf, C. J.,
delivered the opinion of the Court.
Plaintiffs recovered a judgment before a Justice of the Peace in Smith county, in May, 1860, against defendant, for $90.74. In 1861, Alexander Dillard came from Arkansas, and claimed to be the ■ agent of Mrs. Skid-more for the collection of her distributive share in the estate of ¥m. Dillard, of which plaintiffs were administrators, or to be the owner of said share by purchase. The proof is not satisfactory in which capacity he was acting. He procured the plaintiffs to transfer the judgment on the Justice’s docket, for value received, to Robert Traywick. The debt was collected by Traywick from Jared, the defendant, in Confederate money, and the execution docket was by him marked satisfied. Alexander Dillard afterwards refused to reeeive the Confederate money from Traywick; and in 1866 the Justice, upon soire facias, set aside the entry of satisfaction upon his docket. From this judgment on the sdre facias Jared appealed to the Circuit Court.
Upon the trial in the Circuit Court, the question was submitted to a jury, who found for the defendant. The cause is here by appeal taken by the plaintiffs below.
On the trial in the Circuit Court, Traywick was examined as a witness, to prove declarations of Alexander Dillard, as to the collection of the judgment, and as to the employment of witness to collect the money. Several *648 questions as to the competency of the declarations of Dillard are raised; but we deem them unimportant, as the verdict of the jury is fully sustained by the fact that the judgment had been transferred on the docket for value received, to Traywiek. This gave him such a title to the judgment that he had a right- to receive payment and enter satisfaction. This was done, and there is no proof of any fraud or collusion between Jared and Traywiek; nor does it appear that Jared had any reason to believe that Traywiek was not, in fact, fully authorized to receive payment. If Traywiek had been merely the agent of Dillard, without express authority to exercise his discretion as to the kind of money to be received, a payment in Confederate money by Jared would not have released him.
This is conclusive of the case. It was a voluntary receiving of the Confederate money by the assignee of the judgment, who had a right to receive the Confederate money and discharge Jared, the debtor.
The judgment will be affirmed.